# EXHIBIT 1



**Chandrika Vira**
Director
202-772-8672
Fax: 202.371.2540
CVIRA@sternekessler.com

May 30, 2024

Jay Shendure, M.D., Ph.D.                                     *Via Hand Delivery*
1034 NE 92nd Street,
Seattle, WA 98115

      Re:    *Scale Biosciences, Inc., et al. v. Parse Biosciences, Inc., et al.*,
            No. 1:22-cv-01597-CJB (D. Del.)
            **Subpoenas to Produce Documents, Information, or Objects and to Testify
            at a Deposition in a Civil Action**

Dear Dr. Shendure:

      We represent Parse Biosciences, Inc. and the University of Washington in connection
with the above-referenced patent infringement action in the U.S. District Court for the District of
Delaware. We believe that you may have documents, communications, or things in your
possession, custody, or control that are relevant to this action. As a result, we are hereby serving
you with a subpoena seeking such documents, as well as a subpoena to testify at a deposition.
We have also enclosed a copy of the Stipulated Protective Order entered in this action
concerning the production of CONFIDENTIAL Information or HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY Information.

      Please feel free to have your counsel contact me with any questions.

                            Respectfully,
                            STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                            Chandrika Vira
                            Director

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Delaware

| | |
|---|---|
| SCALE BIOSCIENCES, INC., ET AL. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-cv-01597-CJB |
| PARSE BIOSCIENCES, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Jay Shendure, M.D., Ph.D.
1034 NE 92nd Street, Seattle, WA 98115

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Lowe Graham Jones PLLC<br>1325 Fourth Avenue, Suite 1130<br>Seattle, WA 98101 (or at agreed upon place) | Date and Time:<br><br>06/14/2024 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/24/2024

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Chandrika Vira
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant
Parse Biosciences, Inc. , who issues or requests this subpoena, are:

Chandrika Vira; SKGF, 1101 K Street, NW, 10th Floor, Washington, DC 20005; 202-371-2600; cvira@sternekessler.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-01597-CJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

✓ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

✓ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following Definitions apply to all Document Requests:

1.      "Accused ScaleBio Products" includes, but is not limited to, ScaleBio's Single Cell RNA Sequencing Kit (previously known as "'scRNAseq3' gene expression library preparation kit"), ScaleBio's Single Cell CRISPR Guide Enrichment Kit, ScaleBio's CROP-seq Add-on Kit, ScaleBio's Scale-plex Kit, ScaleBio's Extended Throughput Kit, ScaleBio's Sample Fixation Kit, ScaleBio's Single Cell RNA Data Analysis Pipeline software, as well as any reagents (*e.g.*, fixation solutions), other consumables, and data analysis software used in connection with those kits.

2.      "Asserted ScaleBio Patents" means U.S. Patent Nos. 10,626,442, 10,982,256, 11,512,341, and 11,634,752.

3.      "Related ScaleBio Application" means any patent application that led to, or stems from, the applications that matured into any of the Asserted ScaleBio Patents, any ancestors of the applications that matured into any of the Asserted ScaleBio Patents, or any children of the applications that matured into any of the Asserted ScaleBio Patents, either directly or indirectly, including any continuation, continuation-in-part, or divisional application thereof, and any application relied upon for priority by such applications.

4.      "ScaleBio" means Plaintiff and Counterclaim-Defendant Scale Biosciences, Inc., and any present or former agents, employees, shareholders, partners, officers, directors, attorneys, consultants, representatives, independent contractors, predecessors, successors, subsidiaries, divisions, affiliates, and any person acting under ScaleBio's control, at its direction, or on its behalf.

5. "Roche" means Plaintiff Roche Sequencing Solutions, Inc., and any present or former agents, employees, shareholders, partners, officers, directors, attorneys, consultants, representatives, independent contractors, predecessors, successors, subsidiaries, divisions, affiliates, and any person acting under Roche's control, at its direction, or on its behalf.

6. "Person(s)" as used herein includes natural persons, firms, associations, and corporations.

7. The term "document(s)" has a comprehensive meaning and should be interpreted in the broadest sense available pursuant to Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, all of the items defined in Federal Rule of Evidence 1001; non-identical copies, preliminary, and final drafts of any such item; electronically stored information; and all tangible embodiments, manifestations, or evidence of a communication, as defined below.

8. The term "communication(s)" means and includes any and all forms of information transmission, exchange, or storage, including, but not limited to, written, oral, electronic, telephonic, videographic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, notes, telegrams, advertisements, computer mail and email, and all other documents and things evidencing any verbal or nonverbal interaction between persons and entities.

9. The term "thing(s)" has a comprehensive meaning and should be interpreted in the broadest sense available pursuant to Rule 34 of the Federal Rules of Civil Procedure, and includes any kind of sample, model, article, device, apparatus, equipment, specimen, or any other physical or tangible item, other than a document.

10. The terms "relating," "concerning" and "regarding" mean comprising, containing, constituting, reflecting, discussing, showing, evidencing, embodying, describing, supporting, contradicting, refuting, identifying, summarizing, reporting, pertaining to, referring to, or in any way logically or factually connected with the stated matter.

11. The terms "and" and "or" as used herein shall be interpreted both conjunctively and disjunctively so as not to exclude any information otherwise within the scope of any Request.

12. The use of the plural or singular form of a word herein shall be interpreted to include both the plural and singular forms so as not to exclude any information otherwise within the scope of any discovery request.

## INSTRUCTIONS

In addition to the instructions and obligations set forth under Federal Rules of Civil Procedure and the Local Rules of this Court, the following instructions shall apply to these Requests:

1. You shall produce the requested documents in your possession, custody, or control. The production shall take place at Lowe Graham Jones P.L.L.C., 1325 Fourth Avenue, Ste. 1130, Seattle, WA 98101 by June 14, 2024 at 9:00 a.m. (PT), or at such other time and place, and/or by such other method, as the parties may agree.

2. These requests shall apply to all documents, communications, and things in your possession, custody, or control at the present time, or coming into your possession, custody, or control before the return date of the Subpoena.

3. If no documents, communications, or things are responsive to a particular request, please confirm that no responsive documents, communications, or things exist by a written statement to that effect.

4.     If you decline to produce any document, communication, or thing or part thereof based on a claim of privilege or any other claim in accordance with Rule 45(e)(2) of the Federal Rules of Civil Procedure, describe the nature and basis of the claim and the information withheld in a manner sufficient:

a.     to disclose the facts upon which you rely in asserting the claim;

b.     to permit the grounds and reasons for withholding the information to be identified unambiguously; and

c.     to permit the information withheld to be identified unambiguously.

5.     All documents, communications, and things requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.

6.     If any documents, communications, or things are kept electronically, those documents, communications, or things should be produced electronically along with their corresponding original file name. If any documents are in a text searchable format, those documents should be produced in a text-searchable format.

7.     You are to provide full and complete responses to the following Requests after conducting a diligent and thorough investigation into all information within your possession, custody, or control. If you cannot provide a full and complete response to any Request, you should respond to the Request to the extent possible, specifying the portion of the Request you are unable to answer and providing any information you have regarding the unanswered portion.

8.      Please produce all documents, communications, and things as they are maintained and organized in the normal course of business, including and maintaining any file structures or groupings. In the alternative, for each document, communication, or thing produced, please identify the request(s) for production to which it is responsive.

9.      If a Request seeks information referencing or regarding a document, communication, or thing that has been lost, discarded, destroyed, or is otherwise unavailable for any reason, it should be identified as completely as possible, by stating without limitation: the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a full, partial, or incomplete copy of such document, communication, or thing, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document, communication, or thing.

10.      Where an objection is made to a Request, state all grounds upon which your objection is based. If you object to any Request in part, respond to the extent that you do not claim the Request to be objectionable.

## REQUESTS FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS

**REQUEST NO. 1:**

All documents, communications, and things relating to the research and development of the Accused ScaleBio Products.

**REQUEST NO. 2:**

All documents, communications, and things relating to the operation or use of the Accused ScaleBio Products.

**REQUEST NO. 3:**

All documents, communications, and things relating to the Asserted ScaleBio Patents or Related ScaleBio Applications.

**REQUEST NO. 4:**

All documents, communications, and things related to licenses or any other agreements related to the Accused ScaleBio Products.

**REQUEST NO. 5:**

All documents, communications, and things related to any patent or patent application on which you are an inventor or contributed to the invention in any capacity that is related to any license or agreement with ScaleBio.

**REQUEST NO. 6:**

All documents, communications, and things relating to the founding of ScaleBio, including communications with potential investors, Arch Venture Partners, and past or present Board of Directors for ScaleBio.

**REQUEST NO. 7:**

All documents, communications, and things relating to the Cao, J., et al. article published by Science and entitled "Comprehensive single cell transcriptional profiling of a multicellular

organism," including but not limited to any communications concerning the combinatorial indexing strategy described therein.

**REQUEST NO. 8:**

All documents, communications, and things relating to the Rosenberg, A., et al. article published by Science entitled "SPLiT-seq reveals cell types and lineages in the developing brain and spinal cord," including but not limited to any communications concerning the combinatorial barcoding strategy described therein.

**REQUEST NO. 9:**

All documents, communications, and things relating to any collaboration or discussion between Dr. Shendure's laboratory at the University of Washington and Dr. Seelig's laboratory at the University of Washington regarding split pool barcoding.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| SCALE BIOSCIENCES, INC., ET AL. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:22-cv-01597-CJB |
| PARSE BIOSCIENCES, INC., ET AL. | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Jay Shendure, M.D., Ph.D.
1034 NE 92nd Street, Seattle, WA 98115

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Lowe Graham Jones PLLC<br>1325 Fourth Avenue, Suite 1130<br>Seattle, WA 98101 (or at agreed upon place) | Date and Time:<br>06/21/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically, audiotaped, and videotaped.

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Subpoena to Produce Documents, Information, or Objects served herewith.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/24/2024

_CLERK OF COURT_

OR

_____         /s/ Chandrika Vira
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Defendant
Parse Biosciences, Inc.                                                                  , who issues or requests this subpoena, are:

Chandrika Vira; Sterne, Kessler, Goldstein & Fox P.L.L.C., 1101 K Street, NW, 10th Floor, Washington, DC 20005; 202-371-2600; cvira@sternekessler.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:22-cv-01597-CJB

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                  *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SCALE BIOSCIENCES, INC. and ROCHE
SEQUENCING SOLUTIONS, INC.,

*Plaintiffs*,

v.

PARSE BIOSCIENCES, INC.,

*Defendant*,

PARSE BIOSCIENCES, INC. and
UNIVERSITY OF WASHINGTON,

*Counterclaim-Plaintiffs*,

v.

SCALE BIOSCIENCES, INC.,

*Counterclaim-Defendant*.

Civil Action No. 1:22-cv-01597-CJB

## PARSE BIOSCIENCES, INC.'S NOTICE OF DEPOSITION OF NON-PARTY JAY SHENDURE M.D., PH.D. PURSUANT TO FED. R. CIV. P. 30(B)(1)

PLEASE TAKE NOTICE that, pursuant Rule 30(b)(1) of the Federal Rules of Civil Procedure and District of Delaware Local Rule 30.1, Defendant/Counterclaim-Plaintiff Parse Biosciences, Inc. ("Parse"), by and through its undersigned attorneys, will take the testimony by deposition upon oral examination, either in-person or by remote audio-video conference, of **Jay Shendure, M.D., Ph.D.** The deposition will commence on Friday, June 21, 2024 at 9:00 a.m. (Pacific Time), at Lowe Graham Jones PLLC, 1325 Fourth Avenue, Suite 1130, Seattle, Washington 98101 (or another mutually-agreeable date, time, and location) at such time, date, manner (*i.e.*, in-person or remote), and place as mutually agreed to by the parties or ordered by the Court, and continuing day-to-day until completed.

The deposition of Dr. Shendure, either in-person or via remote audio-video conference, will take place in accordance with the Federal Rules of Civil Procedure and the Local Rules of

the United States District Court for the District of Delaware, and will be conducted under oath

and before a notary public or other officer authorized by law to administer oaths. The deposition

will be recorded by stenographic, sound, video, audiovisual, and/or any other such appropriate

means, as well as means for the instant display of testimony on a computer. The arrangements

for the deposition will be made by counsel for Parse and contact information for the service

provider will be provided in advance of the deposition. Counsel for Plaintiffs/Counterclaim-

Defendants are encouraged to contact the service provider in advance of an audio-video

deposition, if held, in order to ensure technology compatibility and to complete adequate testing

in order to avoid delays. You are invited to attend and cross-examine the witness.

DATED:  May 30, 2024

*Of Counsel:*

Byron L. Pickard
R. Wilson Powers III, Ph.D.
Chandrika Vira
Louis P. Panzica, Jr.
**STERNE, KESSLER, GOLDSTEIN**
  **& FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
General #: 202-371-2600
bpickard@sternekessler.com
tpowers@sternekessler.com
cvira@sternekessler.com
lpanzica@sternekessler.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Parse Biosciences, Inc.*

2

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on May 30, 2024, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

---

**Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc., and Plaintiff, Roche Sequencing Solutions, Inc.:**

| | |
|---|---|
| Kelly E. Farnan | *farnan@rlf.com* |
| Sara M. Metzler | *metzler@rlf.com* |

**RICHARDS LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

**Attorneys for Plaintiff and Counterclaim Defendant, Scale Biosciences, Inc.:**

**WOLF, GREENFIELD & SACKS, P.C.** : **wgs-scalebiosciencesv.parse@wolfgreenfield.com**

| | |
|---|---|
| Stephen S. Rabinowitz | *srabinowitz@wolfgreenfield.com* |

605 Third Avenue
New York, NY 10158

| | |
|---|---|
| Chelsea A. Loughran | *cloughran@wolfgreenfield.com* |
| Emma L. Frank | *efrank@wolfgreenfield.com* |
| Stuart V. C. Duncan Smith | *sduncansmith@wolfgreenfield.com* |

1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

**Attorneys for Plaintiff, Roche Sequencing Solutions, Inc.:**

**WILMERHALE**      **WHRSS-ScaleLit@wilmerhale.com**

| | |
|---|---|
| Robert J. Gunther | *Robert.Gunther@wilmerhale.com* |
| Barish Ozdamar Ph.D. | *Barish.Ozdamar@wilmerhale.com* |
| Christopher R. Noyes | *Christopher.Noyes@wilmerhale.com* |

7 World Trade Center
250 Greenwich Street
New York, NY 10007

| | |
|---|---|
| Madeleine C. Laupheimer | *Madeleine.Laupheimer@wilmerhale.com* |

60 State Street
Boston, MA 02109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

May 30, 2024

/s/ Karen L. Pascale

Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600

*Attorneys for Defendant and Counterclaim Plaintiff,*
*Parse Biosciences, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCALE BIOSCIENCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1597-CJB |
| | ) | |
| PARSE BIOSCIENCES, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROCHE SEQUENCING SOLUTIONS, | ) | |
| INC., | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| PARSE BIOSCIENCES, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNIVERSITY OF WASHINGTON, | ) | |
| | ) | |
| Counterclaim Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCALE BIOSCIENCES, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or privileged information for which special protection from public disclosure and from use for any purpose other than litigating this action may be warranted.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of the Court, the Parties HEREBY STIPULATE AND AGREE through their respective undersigned counsel that this Stipulated Protective Order shall govern access to, use, and the

handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and

any other information or items produced, given, exchanged or otherwise disclosed by and among

the Parties and any Non-Parties in this action.

This Stipulated Protective Order does not confer blanket protections on all disclosures or

responses to discovery, and the protection it affords from public disclosure and use extends only

to the limited information or items that are entitled to confidential treatment under the applicable

legal principles.

Based upon the agreement of the Parties, pursuant to Federal Rule of Civil Procedure

26(c), IT IS HEREBY ORDERED:

## 1.    DEFINITIONS

The following definitions shall apply to this Stipulated Protective Order:

**(A) Challenging Party** means a Party that challenges the designation of Discovery

Material as Protected Material under this Stipulated Protective Order.

**(B) CONFIDENTIAL Information** means Discovery Material that would qualify for

protection under Federal Rule of Civil Procedure 26(c), including, for example, any confidential

research, development, or commercial information or any trade secret.

**(C) Counsel** (without any qualifier) means Outside Counsel of Record and any other

attorney who represents a Party in this action, together with their support staff.

**(D) Designating Party** means a Party or Non-Party that designates Discovery Material in

this action as Protected Material.

**(E) Discovery Material** means all information, documents, tangible things, or other items,

regardless of the medium or manner in which they are generated, stored, or maintained (including,

without limitation, testimony, transcripts, and tangible things), that are generated, produced, or

disclosed in this action.

**(F) Expert** means a person with specialized knowledge or experience in a subject or matter pertinent to any issue in this action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as an expert consultant in this action; (2) has not been an employee or consultant of an opposing Party in any capacity that overlaps with the subject matter of the above-captioned litigation; and (3) at the time of retention, is not anticipated to become an employee or consultant of an opposing Party.

**(G) Final Disposition** means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law, following final judgment on all pending claims.

**(H) HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information** means highly sensitive CONFIDENTIAL Information, including without limitation sensitive business information or scientific or technical information that could be used to gain a competitive advantage over the Designating Party, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means than those set forth in this Stipulated Protective Order for protection of HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information.

**(I) In-House Counsel** means attorneys who are employees of a Party, or otherwise consult with the Party, and who have responsibility for managing or overseeing this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**(J) Legend** means the phrases "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" used as described below to identify Discovery Material that a Designating Party designates as Protected Material in this action.

(K) **Non-Party** means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this action.

(L) **Outside Counsel of Record** means attorneys who (1) are not employees of a Party in this action but are retained to represent or advise a Party and (2) have appeared in this action on behalf of that Party, together with their support staff.

(M) **Party** means an entity identified as a party in the pleadings filed in this action that is not dismissed as a party by agreement between the Parties or by Order of the Court, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their respective support staffs).

(N) **Producing Party** means a Party or Non-Party that produces Discovery Material in this action.

(O) **Professional Vendors** means professional jury or trial consultants, mock jurors, and persons or entities that provide litigation support services (e.g., graphics, photocopying, videotaping, translating, preparing exhibits or demonstrations, and collecting, organizing, storing, managing, reproducing, or retrieving documents, information or data in any form or medium) and their employees and subcontractors.

(P) **Protected Material** means any Discovery Material that has been designated as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information, as well as anything that contains any Discovery Material that has been designated as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information.

(Q) **Receiving Party** means a Party that receives Discovery Material from a Producing Party.

2.     **PURPOSE, SCOPE, AND DURATION**

**(A)** The Parties agree to work together to resolve any questions or disputes regarding the disclosure and use of their Protected Materials with the goals of (1) protecting the legitimate interests of each Designating Party while (2) ensuring a fair resolution of this case.  The terms of this Stipulated Protective Order should be interpreted in light of those goals and shall not be interpreted as creating any loopholes that are inconsistent with those goals.

**(B)** The protections conferred by this Stipulation and Order on the disclosure and use of Protected Material apply equally to (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**(C)** The protections conferred by this Stipulation and Order are not intended to cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure as shown by documentary evidence or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party as shown by documentary evidence.  Consequently, designation of Protected Material should be done with restraint, as set forth in Section 3 of this Stipulated Protective Order.  Further, if a Receiving Party believes that either (a) or (b) above applies, it must challenge the designation with the procedures in Section 4 of this Stipulated Protective Order before disclosing the information in any way that is not permitted by Section 5 of this Stipulated Protective Order.

(D) This Stipulated Protective Order shall not limit the right of a Party to disclose its own information, even if the information has been filed under seal by another Party.  Such disclosure shall not waive protection under this Stipulated Protective Order but may require Protected Material to be de-designated, as set forth in Section 3 of this Stipulated Protective Order.

(E) This Stipulated Protective Order does not limit the use of Protected Material in documents submitted to the Court or used before the Court.  The Parties agree that they will work together to ensure that Protected Material submitted to or used before the Court is sealed.

(F) The Receiving Party's obligations under this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Compliance with the obligations in Section 12 does not relieve a Receiving Party from the limits on the disclosure or use of Protected Material under this Stipulated Protective Order.

3.     **DESIGNATING PROTECTED MATERIAL**

(A) **Exercise Restraint When Designating:**   Each Designating Party identifying Discovery Material as Protected Material must exercise care to limit any such designation to Discovery Material that qualifies under the appropriate standards.  If a Designating Party becomes aware that Discovery Material it designated as Protected Material does not qualify for protection at all or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing or revising the designation.

(B) **Timing of Designations:**  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, a Producing Party must designate Discovery Material as Protected Material, if it qualifies as such under this Stipulated Protective Order, at the time that the Discovery Material is disclosed or produced to the Receiving Party.  A Receiving Party that wishes to designate Discovery Material as Protected Material should do so promptly after receiving it from the Producing Party.

(C) **Documents with Other's Protected Material:** Each Receiving Party that prepares a document that contains Protected Material designated as such by a Designating Party must treat such document as Protected Material, including by affixing an appropriate Legend to at least the first page of the document stating that it is or contains Protected Material.

(D) **Manner of Designations:** The manner by which the Legend must be affixed to Protected Material depends on the type of material being designated. If the Protected Material does not precisely correspond with one of the categories described below, the Legend must be affixed to Protected Material with at least as much clarity as required by the most closely applicable instruction below.

(i) **Information Produced in Documentary Form:** Except as provided below for transcripts or court proceedings, to designate Discovery Material produced in documentary form, the Producing Party must affix the appropriate Legend to each page that contains Protected Material. The Designating Party may designate the entire document as Protected Material, even if only some of the pages of a document contain Protected Material.

(ii) **Information Made Available for Inspection:** A Producing Party that makes Discovery Material available for inspection need not designate the material for protection until after the inspecting Party has indicated the specific material it wants the Producing Party to copy and produce. The inspection shall be conducted by only individuals eligible to receive HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information, and all of the Discovery Material made available for inspection shall be deemed HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information, unless the Producing Party making the

- 7 -

Discovery Material available for inspection specifies otherwise. After the inspecting Party has identified the documents or other items it wants produced, the Producing Party must determine which documents, or other items, or portions thereof, qualify as Protected Material and designate those documents, or other items or portions thereof, as specified in Paragraph 3(D)(i) above.

**(iii) Court Proceedings:** Sealed proceedings in Court shall be deemed HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information, unless the Designating Party of the Protected Material that was the basis for sealing the courtroom agrees to a lower designation. This Stipulated Protective Order shall not control whether the courtroom will be sealed during the use of any Protected Material.

**(iv) Deposition Testimony:** To designate deposition testimony, the witness being deposed or any Party or Non-Party must designate such testimony as Protected Material, either on the record at the deposition or in writing to all Parties and any involved Non-Parties within fourteen days after the transcript of the deposition is made available. During those fourteen days, the entire transcript will be deemed HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information, unless all Parties and involved Non-Parties indicate that a lower designation or no designation is appropriate. The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or to any portion thereof, and a Party or Non-Party may designate the entire deposition transcript even if only some of the pages of it contain Protected Material. However, upon request of a Receiving Party, the Designating Party shall identify just the page ranges

containing Protected Material, and the deposition transcript's designation shall be adjusted accordingly.  Upon designation of a deposition transcription, each Party in receipt of a copy of the deposition shall affix an appropriate Legend, if not done so by the reporter.

**(v) Tangible and Non-Documentary Information or Other Items:**  The Producing Party must affix or attach the appropriate Legend in a prominent place on the item or on or to the exterior of a container or containers in which the information or other item is stored.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection the Designating Party seeks for each portion so identified.

**(E) Advance Notice:**  Parties and Non-Parties shall be given notice if it is reasonably expected that a deposition, conference, hearing, argument, or other proceeding in this action will disclose or otherwise reveal Protected Material so that the Parties and Non-Parties can ensure that only individuals authorized by this Stipulated Protective Order are present when that Protected Material is disclosed or otherwise revealed.  The use of a document as an exhibit at a deposition shall not affect its designation as Protected Material.

**(F) Inadvertent Failure to Designate:**  If timely corrected, an inadvertent failure to designate Discovery Material that qualifies as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  The correction shall be made in writing and accompanied by substitute copies of the Discovery Material that are appropriately designated.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance

- 9 -

with the provisions of this Order.  If at the time of the correction, the Receiving Party has already disclosed the Discovery Material that subsequently is designated as Protected Material in a manner inconsistent with the corrected designation, the Receiving Party shall comply with the procedures in Section 9.

(G) Right to Seek Additional Protections.  This Stipulated Protective Order is entered without prejudice to the right of any Party or Non-Party to seek additional protection from the Court as may be necessary under particular circumstances.

4.    CHALLENGING DESIGNATIONS

(A) Timing of Challenges:  Any Receiving Party may challenge a designation of Protected Material at any time.  Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Receiving Party does not waive the option to challenge a designation by electing not to challenge a designation promptly after the Protected Material is produced or otherwise disclosed.

(B) Meet and Confer:  The Challenging Party shall provide written notice of each designation it is challenging and shall describe the basis for each challenge.  The interested Parties and Non-Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring orally within ten calendar days of the date of service of notice.  The conference must occur orally, whether in person or by telephone or other means for voice-to-voice communication. When conferring, the Challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material and reconsider and/or explain the designation.  A Challenging Party may proceed to the next stage of the challenge process only if it engages in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**(C) Judicial Intervention:**  If the Parties cannot resolve a challenge without Court intervention, the Parties shall follow the procedure set forth in Paragraph 7(g) of the Court's default scheduling order, or as otherwise ordered by the Court.  The Challenging Party shall contact the Court in accordance with those procedures within twenty-one calendar days of the initial notice of challenge or within seven calendar days of the Parties' acknowledgment that the meet and confer process will not resolve their dispute, whichever is earlier.  A failure by the Challenging Party to contact the Court in accordance with those procedures within the prescribed time shall automatically waive the challenge to the designation, unless the parties otherwise agree to extend these time periods.

**(D) Burdens:**  The Challenging Party has the burden to show that it complied with the terms of this Section 4.  The Designating Party has the burden to show that the challenged Protected Material deserves the designation given to it.

**5.     USE, STORAGE, AND DISCLOSURE OF PROTECTED MATERIAL**

**(A) Use of Protected Material:**  Unless otherwise ordered by the Court or permitted in writing by the Designated Party, Protected Material may be used, relied upon, or referred to by the Receiving Party only in connection with this action for prosecuting, defending, or attempting to settle the claims and defenses in this action, and shall not be used by the Receiving Party for any other action or purpose.  Protected Material may be disclosed only as permitted by this Section 5. Upon Final Disposition of this action, a Receiving Party must comply with the provisions of Section 12.

**(B) Storage of Protected Material:**  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to persons authorized under this Stipulated Protective Order.

**(C) Disclosure of CONFIDENTIAL Information:**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose a Designating Party's CONFIDENTIAL Information only to:

**(i)** The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this particular action.

**(ii)**  No more than two designated employees (whether in-house counsel or other employees) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and only insofar as Outside Counsel of Record believe that it is necessary to consult with said employees for purposes of conducting this litigation.  A copy of the executed "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be provided to all Parties.  In the event a designated employee ceases to be employed by the Receiving Party, that Receiving Party may change the identified designated employees by notifying the other Parties of the change and receiving the other Parties' written consent, which consent shall not be unreasonably withheld.

**(iii)** Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of the litigation of this action; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in Paragraph 5(E), below, have been followed.

**(iv)** The Court, any arbitrator or mediator, their respective staff, and the jury.

**(v)** Court reporters and Professional Vendors to whom disclosure is reasonably necessary for purposes of litigation in this action.

**(vi)** Deposition witnesses, if during their respective depositions, disclosure is reasonably necessary and the deposition witnesses have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that disclose or otherwise reveal the substance of Protected Material may not be disclosed, except as permitted under this Stipulated Protective Order or other Order.

**(vii)** The author or prior recipient of a document containing Protected Material, or a custodian or other person who (a) previously possessed or knew the Protected Material or (b) is employed by the Designating Party and has access to the Protected Material.

**(viii)** Any other person with prior written consent of the Designating Party or upon order of the Court.  Such consent may be granted for individual documents and may be conditioned on the person signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  A Designating Party's agreement that someone can view some Protected Material is not consent to show that person all Protected Material.

**(D) Disclosure of HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information:**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose a Designating Party's HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information only to the people identified in Paragraphs 6(C)(i), (iii), (iv), (v), (vii), and (viii) above.

**(E) Disclosure of Protected Material to Experts:**  Disclosure of a Designating Party's Protected Material to a Receiving Party's Expert shall be subject to the following requirements:

**(i)** A Receiving Party that seeks to disclose a Designating Party's Protected Material to an Expert must first must make a written request via email to the Designating Party's Outside Counsel of Record that includes the following information: (1) the Expert's full name and the city and state of his or her primary residence; (2) the Expert's current resume or curriculum vitae, including a list of publications from the past ten years; (3) any litigation (identified by name and number of the case and location of court) in which the Expert has offered expert testimony, including through a declaration, report, or testimony at deposition or trial during the preceding four years; (4) any entities with which the Expert is associated as an employee, officer, Board member, or independent consultant (or if a nondisclosure agreement or protective order precludes identifying such an entity, a description of such entity in as much detail as is permitted); and (5) the "Acknowledgment and Agreement to Be Bound" (Exhibit A) executed by the Expert.

**(ii)** The Receiving Party shall not disclose the Designating Party's Protected Material to the Expert until the end of the seventh business day after the Receiving Party's notice identifying the Expert to the Designating Party.

**(iii)** During the seven-day notice period, the Designating Party may object to the disclosure of its Protected Material to the Expert.  The objection must be in writing, sent via email to the Receiving Party's Outside Counsel of Record, and set forth in detail the grounds on which it is based.  If the Designating Party objects during the

seven-day notice period, the Receiving Party shall not disclose the Designating Party's Protected Material to the Expert until the objection is resolved.

**(iv)** The Designating Party must be available to confer with the Receiving Party within three business days of objecting.  The conference must occur orally, whether in person or by telephone or other means for voice-to-voice communication.  If an agreement is not reached, the Designating Party shall then have five business days after objecting to contact the Court in accordance with the procedure set forth in Paragraph 7(g) of the Court's default scheduling order or as the Designating and Receiving Parties otherwise agree or as the Court otherwise orders.  The Designating Party bears the burden of proving that the risk of harm from disclosure to the Expert outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

**(F) Advice Based on Protected Material:**  Subject to the prosecution bar in Section 6 below, Outside Counsel of Record for a Receiving Party may advise the Receiving Party based on an evaluation of a Designating Party's Protected Material, provided that such advice shall not reveal the content or substance of such information to persons who are not permitted access to the Protected Material unless otherwise authorized by prior written agreement with the Designating Party or by order of the Court.

**(G) Source Code:**  If source code is to be produced, the Parties will negotiate a separate protective order governing such production.

## 6. PROSECUTION AND DEVELOPMENT BAR

**(A) Prosecution Bar:**  Absent written consent from the Designating Party, any individual who receives access to HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information shall not be involved, directly or indirectly, in advising on, consulting on, preparing,

- 15 -

prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to split pool-based cell-specific labeling of molecules in cells or compartments of cells or organelles, before any foreign or domestic agency, including the United States Patent and Trademark Office.  This paragraph does not preclude representation or participation in post-grant proceedings, including ex parte reexamination, inter partes review, covered business method review,  post-grant review and opposition, nullity and revocation proceedings, provided such representation or participation in such proceedings does not include any involvement in drafting or seeking amendment of any claims.  This Prosecution Bar shall begin when access to HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information is first received by the affected individual and shall end three years after Final Disposition of this action.

**(B) Development Bar:**  Absent written consent from the Designating Party, any individual who receives access to HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information shall not be involved, directly or indirectly, in performing product development work relating to split pool-based cell-specific labeling of molecules in cells or compartments of cells or organelles.  This Development Bar shall begin when access to HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Information is first received by the affected individual and shall end three years after Final Disposition of this action.

7.  **OTHER LITIGATION**

**(A)** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**(B)** If a Receiving Party is served with a subpoena or an order issued in another litigation, arbitration, or administrative proceeding that compels disclosure of a Designating Party's Protected Material, that Receiving Party must:

> **(i)** Promptly provide the Designating Party with written notice of the subpoena and/or order and a copy of the subpoena and/or order;

> **(ii)** Promptly notify in writing the party who caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order, and provide such party with a copy of this Stipulated Protective Order; and

> **(iii)** Reasonably cooperate in connection with all reasonable steps taken by the Designating Party to protect the confidentiality of Protected Material. If the Designating Party timely seeks a protective order, the Receiving Party shall not produce or disclose the Protected Material before a determination is made by the tribunal from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's prior express written permission. The Designating Party shall bear the burden and expense of seeking protection in that tribunal of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another tribunal.

8.      **NON-PARTY'S PROTECTED MATERIAL**

The terms of this Stipulated Protective Order shall be applicable to information, documents and other things produced by a Non-Party in this action and designated as Protected Material.  Such information, documents and other things produced by Non-Parties shall be protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions shall be construed as prohibiting a Non-Party from seeking other additional protections.

9.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any way not authorized by this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosure or disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The execution of the "Acknowledgement and Agreement to Be Bound" in this instance does not mean that the person or persons shall be entitled to receive Protected Material going forward unless the person or persons meet the requirements of this Stipulated Protective Order.

10.     **PRIVILEGED MATERIAL**

**(A)** In accordance with Federal Rule of Evidence 502, and in particular Federal Rule of Evidence 502(d), the production or disclosure of any information, document, tangible things, or other items (including information and Protected Material) that is or asserted by a Party or Non-Party to be protected by the attorney-client privilege, work-product immunity, or some other privilege or immunity ("Privileged Material") shall not constitute, operate, or be a waiver of any

such privilege or immunity in this action or in any other federal, state, or administrative proceeding.

**(B)** If a Receiving Party recognizes that any Producing Party may have produced or otherwise disclosed such Privileged Material, it shall notify the Producing Party promptly, and shall follow the procedures set forth in this Section 10 of the Stipulated Protective Order.

**(C)** If, after recognizing that Privileged Material has been produced or otherwise disclosed (through notice by a Receiving Party or otherwise), the Producing Party that made the production or disclosure may send each Receiving Party a written request to return or destroy the Privileged Material within a reasonably prompt period of time after such recognition.  Except as expressly provided in Paragraph 10(D) below, the Receiving Party shall, within seven business days of receiving such a request, make all reasonable efforts to return or destroy all such Privileged Material, with written confirmation of such destruction being timely sent to the Producing Party. The Receiving Party shall not utilize the information contained in the produced Privileged Material for any purpose, or disseminate or transmit such Privileged Material, except as expressly provided in Paragraph 10(D) below.

**(D)** If the Receiving Party wishes to contest that any such Privileged Material is protected by a privilege or immunity, the Receiving Party shall so notify the Producing Party in writing when the Privileged Material is returned to the Producing Party or when the written confirmation of destruction of the Privileged Material is provided to the Producing Party.  The notice shall identify each document or item that the Producing Party identified as Privileged Material and that the Receiving Party argues is not protected by a privilege or immunity.  If the Receiving Party notifies the Producing Party that it intends to contest the claim of privilege or immunity, the Receiving Party may retain one copy of the Privileged Material at issue for purposes of contesting the claim

of privilege or immunity.  This copy of the Privileged Material retained by the Receiving Party must be sequestered, and it may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege or immunity.

>  **(i)** Within five business days after receiving the notice, the Producing Party shall provide the Receiving Party a description of the basis for the claim of privilege or immunity for each Privileged Material.

>  **(ii)** Within five business days after receiving such description, the Receiving Party may seek relief from the Court to compel production of the Privileged Material, using the procedure set forth in Paragraph 7(g) of the Court's default scheduling order, or as the Court otherwise orders.  Any letter brief filed pursuant to this paragraph shall be filed under seal in accordance with the procedures set forth herein for filing Protected Material with the Court.  If the Receiving Party does not contest the designation within such five-day period, or if the Court rejects the Receiving Party's challenge to the privileged status of the production, the one copy, if any, retained by the Receiving Party shall be immediately returned to the Producing Party or destroyed, with written confirmation of such destruction being timely sent to the Producing Party.

**(E)** With respect to documents and things generated by a Receiving Party and containing Privileged Material, if the Court does not order that such Privileged Material is not privileged or immune, the Receiving Party shall make all reasonable efforts to either destroy the derivative documents and things or redact from them all Privileged Material so that the Privileged Material cannot in any way be retrieved or reproduced.

**(F)** The procedures set forth in this Section 10 for challenging the privileged status of Discovery Material shall not result in any waiver of the attorney-client privilege, work product immunity or any other privilege or immunity. There shall be no waiver of attorney-client privilege, work product immunity, or any other privilege or immunity for Discovery Material if the Producing Party complies with the procedures set forth in this Section 10 with respect to such Discovery Material.

## 11.    MISCELLANEOUS

**(A) Right to Further Relief:** Nothing in this Stipulated Protective Order prevents anyone from seeking its modification by agreement or by the Court in the future.

**(B) Right to Assert Other Objections:** By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

**(C) Export Control:** Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

**(D) Filing Protected Material:** Anything containing Protected Material that is submitted to the Court (1) shall include a Legend indicating that it contains Protected Material and (2) shall be filed under seal in accordance with the Local Rules and CM/ECF procedures of the United States District Court for the District of Delaware, unless the Parties agree otherwise.

## 12. FINAL DISPOSITION

Within ninety calendar days after Final Disposition of this action, or within such other time as the Parties agree, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) confirming the return or destruction of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Paragraph 2(F).

| | |
|---|---|
| */s/ Karen L. Pascale* | */s/ Kelly E. Farnan* |
| Karen L. Pascale (#2903) | Kelly E. Farnan (#4395) |
| Robert M. Vrana (# 5666) | Sara M. Metzler (#6509) |
| Young Conaway Stargatt & Taylor, LLP | Richards, Layton & Finger, P.A. |
| Rodney Square | 920 North King Street |
| 1000 North King Street | Wilmington, DE 19801 |
| Wilmington, DE 19801 | 302.651.7700 Phone |
| (302) 571-6600 | 302.651.7701 Fax |
| kpascale@ycst.com | farnan@rlf.com |
| rvrana@ycst.com | metzler@rlf.com |
| | |
| *Counsel for Parse Biosciences, Inc. and* | *Counsel for Scale Biosciences, Inc. and* |
| *University of Washington* | *Roche Sequencing Solutions, Inc.* |

**SO ORDERED** this 11th day of April, 2023

*Christopher J. Burke*
The Honorable Christopher J. Burke
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

residence address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was entered by the United States District Court for the

District of Delaware on _____, 2023 in the above-captioned case of *Scale*

*Biosciences, Inc. v. Parse Biosciences, Inc.*, C.A. No. 1:22-CV-01597-CJB.  I agree to comply

with and to be bound by all the terms of the Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information,

document, or other items subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of efforts to enforce the terms of this Stipulation and Order,

even if such enforcement proceedings occur after termination of this case.

Date: _____

City, State, and Country where sworn and signed: _____

Printed name: _____

Signature: _____