

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARSE BIOSCIENCES INC., <br><br> Plaintiff, <br><br> v. <br><br> JAY SHENDURE et al., <br><br> Defendants. | CASE NO. 2:24-mc-00065-LK <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff Parse Biosciences Inc.'s Motion to Compel Compliance with Attorney-Issued Subpoenas. Dkt. No. 1. Parse Biosciences seeks an order compelling Dr. Jay Shendure and Dr. Bruce Colston Trapnell, Jr. to comply with Subpoenas to Produce Documents, Information, or Objects issued to each of them by Parse Biosciences in a lawsuit pending in the United States District Court for the District of Delaware, in which Parse Biosciences is the defendant and counterclaim plaintiff. *Id.*; *see also Scale Biosciences, Inc. v. Parse Biosciences, Inc.*, No. 1:22-cv-01597-CJB (D. Del.). For the following reasons, the Court orders Parse Biosciences to show cause why this matter should not be transferred to the United States District Court for the District of Delaware pursuant to Federal Rule of Civil Procedure 45(f).

ORDER TO SHOW CAUSE - 1

## I.  BACKGROUND

On December 14, 2022, Scale Biosciences, Inc. and Roche Sequencing Solutions, Inc. filed a complaint in the United States District Court for the District of Delaware against Parse Biosciences and the University of Washington, accusing both parties of infringing multiple patents. No. 1:22-cv-01597-CJB, Dkt. No. 1 (D. Del. Dec. 14, 2022) (the "Underlying Action"). The District of Delaware issued its first scheduling order on March 24, 2023, and then extended deadlines multiple times pursuant to the parties' stipulations. *Id.*, Dkt. Nos. 28, 48, 52, 82, 125, 164, 170; Sept. 22, 2023 Docket Entry; Feb. 5, 2024 Docket Entry (D. Del.). As relevant here, the District of Delaware's latest scheduling order sets an August 2, 2024 deadline for fact discovery, a December 20, 2024 deadline for expert discovery, and a January 17, 2025 deadline for dispositive motions. *Id.*, Dkt. No. 170 at 3–5, 8.[1]

Shendure and Trapnell are co-founders of Scale Biosciences and continue to work for Scale Biosciences as scientific advisors. Dkt. No. 2 at 2. They are not parties in the Underlying Action, but they have authored a scientific article related to the Underlying Action and are listed as inventors on patents and patent applications relevant to the Underlying Action. *Id.* On May 24, 2024, the District of Delaware issued subpoenas commanding each of them to produce certain documents, information, and objects, and to appear for a deposition. Dkt. No. 2-1 at 3, 13; Dkt. No. 2-3 at 3, 13. Parse Biosciences served the subpoenas on May 30 and 31, 2024, Dkt. No. 2-2 at 3, 6; Dkt. No. 2-4 at 3, 6. Shendure and Trapnell acknowledged receipt of the subpoenas on June 10, 2024, Dkt. No. 2-5 at 2, and the parties agreed after meeting that "the times to respond to the subpoenas" would be "adjourned to a date to be determined in the future," Dkt. No. 2-6 at 2. In

---

[1] The scheduling order provides that "depositions that were originally and properly noticed for a date before the deadline for fact discovery to be completed may be rescheduled by agreement of the parties to a date subsequent to that deadline as needed to accommodate deponent schedules." *Id.*, Dkt. No. 170 at 3. That exception does not appear to apply here.

ORDER TO SHOW CAUSE - 2

the following months, the parties exchanged emails regarding the collection of documents from Shendure and Trapnell and the running of specific search terms on those documents. Dkt. No. 2-7 at 3–18. However, Shendure and Trapnell ultimately failed to produce any documents to Parse Biosciences despite their representation that they "expect[ed] to begin rolling document productions the week of September 16, 2024." *id.* at 2–3.

On October 7, 2024, Parse Biosciences filed the instant motion as a miscellaneous action in this Court, seeking an order compelling Shendure and Trapnell to comply with the May 30, 2024 subpoenas. Dkt. No. 1 at 1. Despite receiving the motion, Shendure and Trapnell did not file a response. *Id.* at 6; *see also* Dkt. No. 2 at 9. On October 28, 2024, Parse Biosciences filed a reply brief, noting that Defendants' failure to respond to the motion "may be considered by the court as an admission that the motion has merit." Dkt. No. 5 at 1 (quoting LCR 7(b)(2)).

## II. DISCUSSION

The Court first acknowledges that Parse Biosciences properly filed its motion in this Court pursuant to Federal Rule of Civil Procedure 37(a)(2), which provides that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." *See* Dkt. No. 2-1 at 3; Dkt. No. 2-3 at 3. But importantly, this Court may transfer the motion to the issuing court in "exceptional circumstances," Fed. R. Civ. P. 45(f), including where transfer is "warranted in order to avoid disrupting the issuing court's management of the underlying litigation[.]" 2013 Advisory Comm. Cmt. to Fed. R. Civ. P. 45 Amendment; *see also P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017) ("By allowing for transfers, Rule 45(f) allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora[.]"). Here, the deadlines for fact discovery and for exchanging final infringement and invalidity contentions in the Underlying Action have passed, and the December 20, 2024 deadline for expert discovery and January 17, 2025 dispositive motions deadline are both imminent. No.

ORDER TO SHOW CAUSE - 3

1:22-cv-01597-CJB, Dkt. No. 170, 3–5 (D. Del. May 30, 2024). In the Scheduling Order in the Underlying Action, Scale Biosciences contends that any further delay in trying the case "would compound its prejudice since Parse's accused products are competing directly with ScaleBio's products." *Id.* at 3. Given these scheduling considerations, it appears that a ruling from this Court on the instant motion could disrupt the District of Delaware's case management schedule in the Underlying Action. *See, e.g.*, *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2 (E.D. Ky. Jan. 12, 2015) ("This Court is of the belief that whether to permit the nonparty discovery outside of the discovery period in the Florida case . . . is a matter best resolved by the Florida District Court.").

### III.  CONCLUSION

For the foregoing reasons, Parse Biosciences is ORDERED TO SHOW CAUSE why its Motion to Compel Compliance with Attorney-Issued Subpoenas, Dkt. No. 1, should not be transferred to the United States District Court for the District of Delaware pursuant to Rule 45(f).

Dated this 7th day of November, 2024.

Lauren King
United States District Judge